IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE L. CAMACHO-RAMOS,

   Petitioner,

    v.

LUIS MARRERO-CARABALLO, ET AL.,

   Respondent.

Civil No. 09-1939 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Petitioner José L. Camacho-Ramos (hereafter "petitioner Camacho-Ramos") was found guilty by a state jury at trial of first degree murder, robbery and kidnaping of a fifteen-year old female. On December 18, 2003, petitioner was sentenced to serve consecutive sentences of ninety nine (99), sixty (60) and fifty (50) years of incarceration. Camacho-Ramos filed several pleadings with the state court attempting to have the conviction and sentence reconsidered through *certiorari* by the state Appeals Court to no avail since the court appointed counsel did not timely file an appeal to the conviction. Camacho-Ramos has exhausted his state remedies upon also having filed a Rule 192.1 motion, a habeas corpus, and reconsideration thereof, in addition to a *certiorari* before the Supreme Court of the Commonwealth of Puerto Rico.

On September 16, 2009, petitioner Camacho-Ramos filed a *pro-se* motion seeking post-conviction relief under Title 28, United States Code, Section 2254. Petitioner Camacho-Ramos claimed errors committed by state court upon being tried without

José L. Camacho-Ramos v. Luis Marrero-Caraballo, et al
Civil No. 09-1939 (CVR)
Opinion and Order
Page 2

jurisdiction since the probable cause determination was made *in absentia* and he was not duly notified of said hearing. He also avers being convicted on evidence which was either manipulated or fabricated. Still, petitioner's main supported averment in this post-conviction motion is having received ineffective assistance of counsel for the court designated attorney failed to submit a timely appeal to his direct conviction even though he agreed to do so. Furthermore, petitioner Camacho-Ramos has indicated there are witnesses to testify as to counsel feeling coerced and intimidated by the state prosecution and by others if he continued with the effective defense of petitioner Camacho-Ramos. Petitioner submitted a sworn statement of a notary public from New Jersey who could attest to this conflict of defense counsel, as well as other possible witnesses whose names are provided and can testify on the matter. (Docket No. 2).

On March 4, 2010, respondent filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) submitting petitioner Camacho-Ramos had failed to state a claim upon which relief may be granted because the petition contains conclusory allegations and the sentence and conviction were not contrary to law. In addition, respondent considered the claim of ineffective assistance was procedurally defaulted since petitioner did not submit this claim before the state court as can be assessed from the *writ of certiorari* before the state Appeals Court. (Docket No. 27).

Petitioner Camacho-Ramos filed his response in opposition. (Docket No. 29). The Court had previously referred this case to this Magistrate Judge for which the dispositive motion to dismiss was entertained via a report and recommendation dated April 5, 2010.

José L. Camacho-Ramos v. Luis Marrero-Caraballo, et al
Civil No. 09-1939 (CVR)
Opinion and Order
Page 3

In said Report and Recommendation, we indicated petitioner Camacho-Ramos did raise that his counsel had agreed to file the appeal but failed to do so for which he was ineffective. At least such claim was deemed sufficient at that stage to deny the dismissal requested by respondent. (Docket No. 30).

After making an independent examination of the record, the Court adopted the above mentioned Report and Recommendation denying respondent's Motion to Dismiss. (Docket No. 32).

Then, petitioner requested the appointment of counsel and the Federal Public Defender's Office was appointed to represent petitioner. (Docket Nos. 36 and 37).

On April 14, 2011, both parties consented to jurisdiction of a United States Magistrate Judge for all further proceedings, including the entry of judgment, which was approved by the presiding District Judge. (Docket Nos. 52 and 53).

On April 29, 2011, after several procedural matters, the evidentiary hearing was held. Present were petitioner Camacho-Ramos, his counsel and counsel for respondent. Counsel for petitioner stated for the record there were some stipulations which were reached by the parties as to two (2) witnesses' testimonies, to wit: Mr. Francisco Negrón-Mora (petitioner's step-father) and Ms. Frances Rivas-Rodríguez (investigator employed by the Federal Public Defender's Office). These stipulations were read in open court. Counsel for petitioner also requested the Court to take judicial notice of Rule 194 of the Puerto Rico Rules of Criminal Procedure and Rule 53.1 of the Puerto Rico Rules of Civil Procedure, dealing with the appeal of cases. Counsel for respondent requested the parties to stipulate that petitioner has

exhausted all available remedies in State Court and the State Court did not review petitioner's allegations as to ineffective assistance of counsel. Counsel for petitioner stipulated the same and added that petitioner had made said claim since the beginning and the appeal had not been filed. The Court granted ten (10) days to the parties to file in writing the joint stipulations. Petitioner Camacho-Ramos was then called to the witness stand for direct and cross-examination. (Docket No. 57).

On May 5, 2011, both parties filed a "Joint Stipulation of Facts between Petitioner and Respondent" containing the stipulations of fact reached by the parties. (Docket No. 58). Those stipulations are incorporated herein by reference and made part of this Opinion and Order.

## SUMMARY OF PETITIONER'S TESTIMONY

On direct examination, petitioner Camacho-Ramos testified he is forty-three (43) years old. On December 4, 2003, petitioner was convicted by a jury of rape, 1st degree murder and kidnaping. On December 18, 2003, Camacho-Ramos was sentenced to 209 years in prison. Petitioner was present during the jury trial and he was assisted by court appointed counsel Luis Manuel Torres-Ramos. The jury trial was held between October 2003 and December 2003. During the trial, Camacho-Ramos was able to discuss the ongoing case with his counsel, including some issues to be raised on appeal which were discussed the day of the jury verdict. Counsel Torres-Ramos was thus aware of issues which were to be appealed. Camacho-Ramos was not satisfied with the jury verdict nor with his sentence. As such, Camacho-Ramos wanted an appeal to be filed and he requested his

counsel to file an appeal on the day of the jury verdict. Counsel Torres-Ramos asked Camacho-Ramos the day of the jury verdict to write down the issues he (Camacho-Ramos) wanted to raise on appeal. Camacho-Ramos complied and handed to his counsel on the day of the sentence the statement he (Camacho-Ramos) wrote as to the appeal issues. Counsel Torres-Ramos never filed the appeal. Camacho-Ramos never waived his right to appeal and he never retained an attorney, besides Torres-Ramos, to file his appeal because he lacked the resources to retain counsel.

On February 27, 2004, Camacho-Ramos was able to file his appeal *pro-se* because his counsel did not file the appeal. Camacho-Ramos was able to obtain the file of his case (after the thirty (30) days to appeal had elapsed) and then filed the appeal on February 2004. Camacho-Ramos' wife (Mrs. Lavinia Román) and step-father (Mr. Francisco Negrón-Mora) also asked counsel Torres-Ramos to file the appeal the same day of the verdict and the same week but he failed to file the same.

On cross-examination, Camacho-Ramos testified he has been incarcerated since September 14, 2002. He was released on December 10, 2002 and went back to prison on January 23, 2004, were he has remained. Another attorney who was not counsel Torres-Ramos was appointed to represent Camacho-Ramos originally when he was accused on September 14, 2002. Counsel Torres-Ramos was appointed as his counsel in September or October 2002. Counsel Torres-Ramos advised Camacho-Ramos after his conviction of his right to appeal. Counsel Torres-Ramos told him not to worry because the verdict and the sentence were going to be appealed. Grounds to be raised on appeal were discussed, and

José L. Camacho-Ramos v. Luis Marrero-Caraballo, et al
Civil No. 09-1939 (CVR)
Opinion and Order
Page 6

counsel Torres-Ramos asked petitioner to write those, which petitioner did and handed to counsel Torres-Ramos the date of the sentence. Camacho-Ramos' step-father never told counsel Torres-Ramos he was going to retain another attorney to file the appeal.

## DISCUSSION

The gist of petitioner Camacho-Ramos' claims of ineffective assistance of counsel rests on his counsel's total failure to file an appeal even though he requested his counsel to do so.

In a total absence of an appeal being filed there is no need to first show that there is a meritorious appellate issue to grant relief since an appeal from a district court judgment of conviction is a matter of right. *See* Rodríguez v. United States, 395 U.S. 327, 89 S.Ct. 1715 (1969) (quoting Coppedge v. United States, 369 U.S. 438, 441, 82 S.Ct. 917, 919 (1962). A respondent may be granted relief for losing the right to appeal, in appropriate cases, through a motion for post-conviction relief. And, the First Circuit has said, that the "failure of court-appointed counsel to prosecute an appeal-in the absence of waiver by respondent or compliance of counsel with Anders v. California, 386 U.S. 738, 744 [87 S.Ct. 1396, 1400, 18 L.Ed.2d 493] (1967) - is a per se deprivation of the right to counsel." Wilbur v. Maine, 421 F.2d 1327, 1329 (1st Cir. 1970).[1]

---

[1] Abandonment is a violation of a respondent's Sixth Amendment right to assistance of counsel. United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039 (1984), regardless of whether defendant could have prevailed in his appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000). Even an indigent's right to counsel on appeal requires counsel wishing to withdraw on the grounds the appeal has no merit to first act as an advocate for the indigent and file a brief "referring to anything in the record that might arguably support the appeal". Anders v. California, 386 U.S. at 744-45. The court is to consider where denial of counsel leaves a defendant completely without representation during appellate proceedings. Penson v. Ohio, 488 U.S. 75 (1988).

José L. Camacho-Ramos v. Luis Marrero-Caraballo, et al
Civil No. 09-1939 (CVR)
Opinion and Order
Page 7

In the instant case, it is uncontested that petitioner's counsel at the state level failed to file the appeal even though petitioner Camacho-Ramos, his wife and step-father requested an appeal be filed. This is evidenced not only by petitioner's testimony under oath but also by the stipulations reached by both parties. Moreover, it is also uncontested that Camacho-Ramos exhausted all of his administrative remedies in state court and the state courts did not review his allegations of ineffective assistance of counsel.

The claim of ineffective assistance of counsel should first address this petitioner's non-compliance with the requisites in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984). The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland, 466 U.S. at 687. *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*.

Pursuant to Strickland, 466 U.S. at 688, counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms. In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need to be outside the wide range of professional competent assistance.

José L. Camacho-Ramos v. Luis Marrero-Caraballo, et al
Civil No. 09-1939 (CVR)
Opinion and Order
Page 8

In United States v. Morrison, 449 U.S. 361, 101 S.Ct. 665 (1981), the Supreme Court pronounced that when dealing with Sixth Amendment rights, cases were subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interest. Id. at 364, 101 S.Ct. 668. Thus, even certain violations of the right to counsel may be disregarded as harmless error. Id. at 365, 101 S.Ct. at 668.

"[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when ... [the] defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Where the attorney fails to comply with the defendant's explicit instruction to file a timely appeal, prejudice and, hence, ineffective assistance, is established. Id. at 484 (applying Strickland test to lawyer's failure to appeal). Prejudice is presumed under such circumstances because the alleged deficient performance has deprived the defendant of a judicial proceeding. Id. at 483.

Petitioner Camacho-Ramos asked counsel to appeal and the attorney failed to comply with this request as has been established without a doubt via the stipulations reached by both parties and the testimony of Camacho-Ramos at the hearing. Under federal precedents, these averments establish ineffective assistance under Strickland. *See* Flores-Ortega, 528 U.S. at 484; United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (holding that prejudice is presumed where lawyer fails to follow defendant's unequivocal instruction to file timely notice of appeal).

**CONCLUSION**

In view of the foregoing, petitioner's allegations as raised in his § 2254 petition, and re-asserted at the evidentiary hearing, do establish ineffective assistance of counsel. Accordingly, petitioner Camacho-Ramos' habeas corpus petition under § 2254 is **GRANTED,** his sentence is set aside and remanded to the state court for resentencing[2] within a reasonable amount of time, which should not exceed 120 days from the issuance of the judgment in this case.[3]

Judgment is to be entered accordingly.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See also* Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d

---

[2] *See also* Arave v. Hoffman, 552 U.S. 117, 128 S.Ct. 749 (2008) - following state murder conviction, petitioner brought 2254 federal habeas. The Court of Appeals ordered as relief the petitioner be re-sentenced by state court upon finding he had received ineffective assistance of counsel during sentencing but not during plea bargaining The Supreme Court held petitioner's motion to vacate and dismiss appeal with prejudice so that petitioner could proceed with re-sentencing ordered by the district court mooted petitioner's claim of ineffective assistance of counsel during plea negotiations.

[3] Petitioner should be entitled to have the right to a direct appeal reinstated, as a consequence of relief being granted in this §2255 petition by means of a re-sentencing. *See* Rodríguez v. United States, 395 U.S. 327, 89 S.Ct. 1715 (1969) (quoting Coppedge v. United States, 369 U.S. 438, 441, 82 S.Ct. 917, 919 (1962)).

985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 6th day of May of 2011.

                                   s/**CAMILLE L. VELEZ-RIVE**
                                   **CAMILLE L. VELEZ-RIVE**
                                   **UNITED STATES MAGISTRATE JUDGE**